IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES WINDING, RESTRICTED FILER**                                          **PETITONER**

V.                                              CIVIL ACTION NO. 5:24-cv-38-DCB-LGI

**MARC MCCLURE,**
  *Superintendent Parchman MS*                                               **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

James Winding is serving a 30-year sentence for kidnapping and sexual battery. *See Winding v. State*, 908 So.2d 163, 171 (Miss. Ct. App. 2005). Winding filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi against Marc McClure, challenging his conviction and sentence for kidnapping and sexual battery in the Circuit Court of Adams County, Mississippi.[1] Attorney Charles Irvin entered an appearance on Winding's behalf on March 22, 2024, and this case was transferred to the Southern District of Mississippi on April 15, 2024.

Though represented by counsel, Winding is an experienced *pro se* litigant subject to several court-imposed sanctions. Most recently, the United States Court of Appeals for the Fifth Circuit entered an Order sanctioning Winding $500.00 and barring him from filing "any pleadings based, in whole or in part, on his kidnapping and sexual battery

---

[1] Specifically, Winding requests that this Court "vacate [his] conviction and sentence and immediately release [him from] MDOC custody" based on his allegations that he "has been detained in Walnut Groove [sic] correctional facility since January 19, 2024, on kidnapping and sexual battery charges;" and "due to insufficiencies in his indictment … his constitutional rights have been infringed upon."

convictions and sentences" in the Fifth Circuit or any court subject to the Fifth Circuit's jurisdiction "until the sanction is satisfied." *In re Winding*, No. 22-90065 (5th Cir. Jan. 10, 2023). In doing so, the court explained that "Winding has ignored this court's previous warnings and has remained undeterred by the sanctions previously imposed by this court by continuing to file frivolous, repetitive, otherwise abusive motions in his district court habeas proceeding challenging his kidnapping and sexual battery convictions and sentences." The Court went on to state that, even if Winding satisfies the monetary sanction, he "shall remain BARRED from filing, in this court or any court subject to this court's jurisdiction, any pleading based, in whole or in part, on his kidnapping and sexual battery convictions and sentences, unless he first obtains leave of the court in which he seeks to file such challenge." *Id.*

Winding has not done so here. He has not established that he has satisfied the $500.00 sanction, nor did he obtain leave of court before filing this petition. Accordingly, the undersigned recommends that the instant petition be dismissed without prejudice for failure to comply with the Fifth Circuit's sanction order. The undersigned further recommends that the Fifth Circuit's sanction order be applied to any future transfer orders from other districts.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection,

the opposing party must either serve file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on May 31, 2024.

s/ LaKeysha Greer Isaac\
UNITED STATES MAGISTRATE JUDGE