IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JAMES WINDING                                                    PETITIONER

V.                                    CIVIL ACTION NO. 5:24-cv-38-DCB-LGI

MARC MCCLURE                                                RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Isaac's Report and Recommendation ("Report") [ECF No. 14] concerning James Winding ("Petitioner")'s Petition for a Writ of Habeas Corpus ("Petition") challenging his conviction and sentence for kidnapping and sexual battery in the Circuit Court of Adams County, Mississippi.

The Petition was originally filed in the United States District Court for the Northern District of Mississippi on February 14, 2024. [ECF No. 1]. Attorney Charles Irvin entered an appearance on Petitioner's behalf on March 22, 2024 [ECF No.7], and the case was transferred to this Court on April 15, 2024. [ECF No. 11].

After considering the Petition, Petitioner's multiple pro se filings challenging his convictions, and the Fifth Circuit sanction, Judge Isaac entered this Report recommending that the Court dismiss the matter without prejudice for failure to comply with the Fifth Circuit mandate entered January 10, 2023. [ECF No.

1

14] at 2 (citing In re Winding, No. 22-90065 (5th Cir. Jan. 10, 2023)). Judge Isaac further recommends that the Fifth Circuit mandate be applied to any future transfer orders from other districts. Id.

The Report was filed on May 31, 2024, and objections to the Report were due by June 14, 2024. Mr. Irvin subsequently submitted three Motions to Withdraw as Attorney [ECF Nos. 16, 17, 19], alleging that representation of Petitioner has been rendered unreasonably difficult because of irreconcilable differences between Mr. Irvin and Petitioner. [ECF No. 19] at 3. On June 14, 2024, Petitioner filed his Objection [ECF No. 20] to the Report through Mr. Irvin, arguing that he "is an indigent litigant who has raised a nonfrivolous claim, a plea for his innocence," and that the $500 monetary sanction imposed by the Fifth Circuit cuts off his right to pursue his petition. Id. at 2. Petitioner further contends that this Court is not bound by the Fifth Circuit's mandate because he "was never legally charged with alleged sexual battery." Id. at 2.

On July 23, 2024, the Court entered an Order [ECF No. 29] granting Mr. Irvin's motions [ECF Nos. 16, 17, 19] and denying Petitioner's objection [ECF No. 20]. The Court also mandated that Petitioner inform the Court, in writing, on or before August 6,

2024, as to whether Petitioner intends to proceed pro se or retain new counsel. [ECF No. 29].

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

This is not Petitioner's first attempt to challenge his conviction and sentence. In re: Winding, No. 22-90065 (5th Cir. Jan. 10, 2023); see, e.g., Winding v. King, 5:05cv178 (S.D. Miss. July 3, 2007). In fact, on January 10, 2023, the Fifth Circuit sanctioned Petitioner $500 and ruled that he is:

> BARRED from filing, in . . . any court subject to this court's jurisdiction, any pleading based, in whole or in part, on his kidnapping and sexual battery convictions and sentences until the sanction is satisfied. In the event that Winding satisfies the $500 sanction, he shall remain BARRED from filing, in . . . any court subject to this court's jurisdiction, any pleading based, in whole

3

or in part, on his kidnapping and sexual battery convictions and sentences, unless he first obtains leave of the court in which he seeks to file such challenge.

Id. at 2. This Court has since dismissed several actions by Petitioner challenging these convictions without satisfying the monetary sanction. Winding v. Reeves, 3:23cv315 (S.D. Miss. June 30, 2023); Winding v. McClure, 5:23cv29 (S.D. Miss. May 2, 2023); Winding v. McClure, 5:23cv73 (S.D. Miss. Oct. 25, 2023). Contrary to Petitioner's belief, this Court is bound by the Fifth Circuit mandate, and so far, Petitioner has failed to show that he (1) satisfied the $500 monetary sanction and (2) sought leave of Court before filing this Petition.

The Court notes that Petitioner filed ten motions since Judge Isaac entered her Report. See [ECF Nos. 21; 22; 23; 24; 31; 34; 36; 37; 38; 39]. Judge Isaac denied (1) the Motion to Object to Attorney Withdrawal [ECF No. 23] in its Order [ECF No. 29] on Mr. Irvin's three Motions to Withdraw and (2) the Motion to Appoint counsel because the Court is familiar with the applicable law regarding appointed counsel, and the interests of justice do not require the appointment of counsel. Judge Isaac also denied (1) the Motion to Reopen the Court's Hearing on the Motions to Withdraw as Attorney [ECF No. 34] and (2) the Motion for Reconsideration [ECF No. 39] for the reasons set forth in this Court's Order

granting the Motions to Withdraw as Attorney. The Court will not entertain the remaining motions because the motions either (1) allege claims in violation of the Fifth Circuit mandate,[1] (2) assert claims for relief that are not procedurally sound,[2] or (3) seek relief outside this Court's jurisdiction.[3]

Having considered the Report [ECF No. 14], the Court agrees with Judge Isaac's recommendation. Accordingly, the Report [ECF

---

[1] Several of the Motions filed by Petitioner relate to his kidnapping and sexual battery convictions and sentences and allege that this Court is not bound by the Fifth Circuit. See [ECF Nos. 21; 22; 36; 37]. Contrary to Petitioner's assertion, this Court is bound by the Fifth Circuit, which explicitly mandates that Petitioner is "BARRED from filing, in . . . any court subject to this court's jurisdiction, **any pleading based, in whole or in part, on his kidnapping and sexual battery convictions and sentences until the sanction is satisfied."** In re: Winding, No. 22-90065 at *2 (emphasis added).

[2] The language contained within Petitioner's Motion to Amend asks the Court to grant default judgment in Petitioner's favor for Marc McClure's ("Respondent") failure to respond to Petitioner's objection to the Report [ECF No. 20] filed by Mr. Irvin and Petitioner's own objections to the Report [ECF Nos. 21 and 22]. Even if the Court reads Petitioner's latest motion as a motion for default judgment, it fails two-fold. First, Petitioner fails to show that he filed a motion for entry of default judgment with the District Court Clerk in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. Second, even if Petitioner made such a showing, the Court is not inclined to grant the latest motion because, generally, a default judgment is entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed. R. Civ. P. 55(a). Here, Petitioner alleges he is entitled to a default judgment because Respondent failed to respond to his objections to the Report. But the Court is unaware of any support for this claim for relief, as the Report recommends that the Petition [ECF No. 1] be dismissed without prejudice for Petitioner's failure to comply with the Fifth Circuit. Moreover, Petitioner does not attach any "affidavit or otherwise" in support of his request for a default judgment.

[3] Finally, Petitioner asserts that he faces "imminent danger" because he is housed in a facility in which Petitioner was the subject of two alleged attempts on his life by other inmates. [ECF No. 38]. The Court mailed a letter to Attorney General Lynn Fitch and Commissioner Burl Cain "to notify the custodians of [Petitioner] when claims of potential injury such as this are reported. . . ." [ECF No. 30]. Broad discretionary authority is afforded to prison administrators under consideration of motions to transfer inmates to another prison because the administration of a prison is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). If Petitioner wishes to purse a transfer to another facility, Petitioner will be best-suited to seek an administrative remedy through the Bureau of Prisons.

No. 14] is ADOPTED, and the Petition is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Fifth Circuit mandate shall be applied to any future transfer orders from other districts.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 8th day of August, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE